UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DEIDRE K.,[1]

            Plaintiff,

    v.

COMMISSIONER, Social Security Administration,

            Defendant.

Case No. 3:20-cv-01857-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

        Plaintiff Deidre K. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI in June 2017 with an alleged onset date of April 30, 2017. Tr. 17.[2] Plaintiff's applications were denied initially in August 2017 and again upon reconsideration in January 2018. Tr. 143, 148, 152, 155. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in August 2019. Tr. 33–76. On November 25, 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 32. The Appeals Council denied Plaintiff's request for review. Tr. 1. Plaintiff timely appealed.

## FACTUAL BACKGROUND

Plaintiff was 56 years old on her alleged onset date. Tr. 281. She completed high school and had past relevant work experience as a cashier. Tr. 286. Plaintiff alleges disability based on lower back injury and bipolar disorder. Tr. 285.

## LEGAL STANDARD

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v.*

---

[2] "Tr." citations are to the Administrative Record. ECF No. 12.

*Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation" (citation omitted)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotations omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment does not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial

gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations the claimant's impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, the claimant is not disabled; if the claimant cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; status post partial left colectomy with low anterior anastomosis; and headaches. Tr. 20. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 21. The ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff could] lift and/or carry 10 pounds frequently and 20 pounds occasionally. She [could] stand and/or walk for 6 hours in an 8-hour day

and sit for 6 hours in an 8-hour day. [Plaintiff] would need to alternate sitting and standing throughout the day such that she could sit for an hour th[e]n would need to stand for 5 to 10 minutes before returning to the seated position or stand for an hour than sit for 5 to 10 minutes before returning to the standing position. She [could] frequently climb ramps and stairs but never climb of ladders, ropes, or scaffolds. She [could] frequently balance and stoop and occasionally kneel, crouch and crawl. She should avoid exposure to excessive vibration and should avoid hazards such as unprotected heights and dangerous machinery.

Tr. 23.

At steps four and five, the ALJ determined that Plaintiff was able to perform past relevant work as a cashier. Tr. 21. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 27.

## DISCUSSION

The scope of this appeal is narrow. Plaintiff's sole contention on appeal is that the ALJ erred in rejecting medical opinion evidence. Specifically, Plaintiff asserts that the ALJ improperly rejected a restroom limitation proffered by Plaintiff's treating provider, Crystal Query, M.D.

**I.   Medical Evidence**

For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168818, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017); *see also Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020) ("For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence.").

Under the new regulations, the Commissioner is no longer required to supply "specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical

opinion." *Allen O. v. Comm'r of Soc. Sec.*, 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or. Nov. 5, 2020) (citing *Revisions to Rules*, 2017 WL 168819, at *5867–68). Instead, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion[ ], the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[ ] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs may consider other factors relating to the providers relationship with the claimant; however, they are not required to do so except in a limited number of circumstances. 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3).

The parties do not dispute that the new regulations apply. They do, however, dispute the impact the new regulations have on existing Ninth Circuit caselaw. *See, e.g.*, *Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (noting that "the Commissioner revised agency regulations to eliminate the hierarchy of medical opinions"); *Thomas S. v. Comm'r of Soc. Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020) (noting that the "hierarchy [for treatment of medical opinion evidence] underpinned the requirement in the Ninth Circuit that an ALJ must provide clear and convincing reasons to reject an uncontradicted doctor's opinion and specific and legitimate reason where the record contains

contradictory opinion"). The Ninth Circuit has not yet addressed whether or how the new regulations alter the standards set forth in prior cases for rejecting medical opinion evidence. *See Robert S.*, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (collecting cases).

Given the Act's broad grant of authority to the agency to adopt rules regarding "proofs and evidence," prior caselaw must yield to the Commissioner's new, permissible regulations to the extent older cases expressly relied on the former regulations. *Yuckert*, 482 U.S. at 145 ("The Act authorizes the Secretary to 'adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same' in disability cases." (citing 42 U.S.C. § 405(a)); *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005) (holding that courts should grant *Chevron* deference to regulatory changes that conflict with prior judicial precedent, unless a court's prior construction followed from the unambiguous terms of the statute and thus left no room for agency discretion); *Emilie K. v. Saul*, 2021 WL 864869, at *4 (E.D. Wash. Mar. 8, 2021) (collecting cases and observing "[m]ost District Courts to have addressed this issue have concluded that the regulations displace Ninth Circuit precedent").

The new regulations do not, however, upend the Ninth Circuit's entire body of caselaw relating to medical evidence, which remain binding on this Court. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *Ghanim*, 763 F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient
> objective findings or are contrary to the preponderant conclusions

> mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted). In other words, while the new regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

Dr. Query served as Plaintiff's primary care provider. Tr. 2141. Dr. Query diagnosed Plaintiff with major depression, migraines, bipolar disorder, hyperthyroid, prolactinoma, generalized anxiety disorder, and irritable bowel disorder ("IBS"). *Id.* Dr. Query opined that Plaintiff retained the ability to carry ten pounds for one-third of the workday, or less than ten pounds for two-thirds of the workday. Tr. 2142. The doctor further concluded that Plaintiff could stand for no more than two hours at a time. *Id.* Dr. Query also indicated that Plaintiff would need to use the restroom frequently and on an urgent basis. *Id.*

The ALJ found Dr. Query's opinion unpersuasive because it was not consistent with the treatment record and objective imaging scans. Tr. 25. The ALJ acknowledged that a February

Page 8 — OPINION AND ORDER

2016 CT scan revealed mild colon diverticulitis; however, the ALJ explained that Plaintiff subsequently "underwent a left colectomy with low anastomosis to treat her diverticulitis" in February 2018 and that "she had an uncomplicated post-operative recovery. Tr. 25 (citing 1594–95, 1599). The ALJ next cited a July 2018 treatment note in which Plaintiff presented with normal bowel sounds and a rectal examination that showed no induration, fissures, hemorrhoids, or swelling. Tr. 25–26 (citing Tr. 1932–22). The ALJ also discussed a comparison between two CT scans: the first taken in January 2018; and the second taken in July 2018—after Plaintiff's surgery. Tr. 26. The July scan indicated Plaintiff's symptoms had improved, showing "[p]ostsurgical changes sigmoid colon without complicating features" and an "[o]therwise unremarkable CT of the abdomen and Pelvis." Tr. 1944. Finally, the ALJ discussed a May 2019 follow-up CT scan of Plaintiff's abdomen that "show[ed] no significant changes and no acute abnormalities with no inflammatory process" Tr. 25–26 (citing Tr. 2076, 2089). Based on these medical records, the ALJ found, *inter alia*, that Dr. Query's opinion was unpersuasive. Tr. 25–26.

The ALJ's rejection of Dr. Query's opinion for the period *after* Plaintiff's 2018 colectomy is supported by substantial evidence. The ALJ discussed at length the treatment records she found inconsistent with Dr. Query's opined restroom limitation. *Compare* Tr. 25–26, *with* Tr. 2142. However, the ALJ failed to account for the period between Plaintiff's alleged onset date in April 2017 and her symptom improvement after her colectomy in February 2018. As such, the ALJ failed to explain the supportability and consistency of the doctor's opinion during that period.

The Commissioner asserts that there is "no evidence Dr. Query's opinion related back to the period prior to Plaintiff's surgery" as Dr. Query did not begin treating Plaintiff until June

2018. Assuming without deciding that such a rationale could justify the rejection of Dr. Query's opinion, the ALJ did not offer such a reason in rejecting the doctor's opinion. Accordingly, the Commissioner's argument is an impermissible *post hoc* rationalization this Court will not consider. *See Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").[3]

In sum, the ALJ's evaluation of the medical evidence as a whole was not supported by substantial evidence and this case must therefore be remanded.

## II.     Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further

---

[3] For this same reason the Court declines to consider the Commissioner additional *post hoc* contention that Plaintiff's medical evidence relating to abdominal or gastronomical complaints was "minimal."

proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above. However, because the ALJ's error here stemmed from a failure to account for a limited timeframe in the period at issue, specifically Plaintiff's alleged onset date through her February 2018 surgery; and because Plaintiff's did not explicitly argue this case should be remanded for an immediate payment of benefits, the Court concludes that a remand for additional proceedings is the appropriate remedy. On remand, the ALJ must explicitly address Dr. Query's opinion in relation to the period prior to Plaintiff's colectomy in February 2018.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 1st day of December 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
